UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | | |
|---|---|---|
| JENNIFER HIGGENBOTHAM | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| ASSET ACCEPTANCE, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HAYT, HAYT & LANDAU, LLC | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 73 Pa.C.S. 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. section 1331, 1337 and

pursuant to 15 U.S.C. section 1692, et seq. and pursuant to 28 U.S.C. 1367 for

pendant state law claims.

3. This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. section 1692 et seq. ("FDCPA").

4. Venue is proper in this District because the acts and transactions occurred

here, Plaintiff resides here and Defendants transact business here.

## III. PARTIES

5. Plaintiff Jennifer Higgenbotham ("Plaintiff") is a natural person who resides

at 1014 Beacon Hill Drive, Southampton, Bucks County, Pennsylvania, and is a

"consumer" as that term is defined by 15 U.S.C. section 1692a(3).

6. Defendant Hayt, Hayt & Landau, LLC ("Hayt"), is upon information and

belief, a Pennsylvania company located at 400 Market Street, 6th Floor,

Philadelphia, Pennsylvania 19106.

7. At all times relevant to this Complaint, Defendant Hayt transacted business in

the Eastern District of Pennsylvania, operating as a collection agency and as a

"debt collector" as that term is defined by 15 U.S.C. section 1692a(6) and their

actions are imputed to Asset Acceptance, LLC.

8. Defendant Asset Acceptance, LLC ("Asset") upon information and belief, is

a company with its corporate headquarters in Warren, Michigan.

9. At all times relevant hereto, upon information and belief, Defendant Asset was not registered with the Pennsylvania Department of State, Corporation Bureau.

10. At all times relevant to this Complaint, Defendant Asset is a "debt collector" as that term is defined by 15 U.S.C. section 1692a(6) and operated and, along with Defendant Hayt, Esquire, use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. At all times material and relevant thereto, Defendants acted through their agents, officers, shareholders, servants, workman and/or employees and are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

## IV. FACTUAL ALLEGATIONS

### Letters From Defendants To Plaintiff

12. Plaintiff received a letter entitled "First Notice" from Defendant Asset dated March 8, 2007 stating it had purchased a debt allegedly owed by Plaintiff to Capital One that had a balance due of $1529.65 though no documentation of this purchase was provided. Therein, Defendant Asset threatened to report account information to credit bureaus. A true and correct copy of the March 8, 2007 letter is attached hereto as Exhibit "A".

13.    Although Plaintiff did have a Capital One credit card, her last payment on the card was in 2002.

14. Defendant Asset sent another letter to Plaintiff, dated April 23, 2007, threatening to sue her if she did not make payment arrangements of an alleged outstanding balance of $1529.65. Plaintiff did not respond to either of the first two letters. A true and correct copy of the April 23, 2007 letter is attached hereto as Exhibit "B".

15. Plaintiff received another letter from Defendant Asset dated the next day, April 24, 2007, thanking her for making a payment. Plaintiff never made a payment to Defendants and had not made any payments on her credit card account since 2002. A true and correct copy of the March 8, 2007 letter is attached hereto as Exhibit "C".

16. Plaintiff next received a letter from Defendant Hayt dated July 13, 2009 on behalf of Defendant Asset titled and underlined in bolded capital letters at the top of said correspondence:

<u>**COUNSEL' S NOTICE – READ CAREFULLY**</u>

while two paragraphs down in regular size and unbolded print stated that no attorney had reviewed Plaintiff' s account. A true and correct copy of the July 13, 2009 letter is attached as Exhibit "D".

17. Defendant Hayt's July 13, 2009 letter was intended to confuse and mislead Plaintiff to believe that said correspondence was from an attorney thereby creating a false impression as to its source, authorization and approval.

18. Further, the July 13, 2009 correspondence from Defendant Hayt on behalf of Defendant Asset stated the following:

Your balance is calculated as follows:

| Unpaid Balance: | $ . 53 |
| Interest: | $1,564 .53 |
| Attorney's Fees: | $. 00 |
| Balance Due: | $1,565. 06 |

19. Upon information and belief, if interest was calculated over a seven year period, the interest rate per year would approximate 42,183 % per year. It is inconceivable that Defendant would have any legal entitlement to claim interest at this usurious rate.

20. Defendants actions in demanding the collection of an unpaid balance of 53 cents and interest of $1,564.53 was an unfair practice not expressly authorized by an agreement between the parties or permitted by law.

## State Court Complaint

21.     On or about August 10, 2009, Defendant Asset, by and through Defendant Hayt, and clearly without any meaningful attorney review, filed a Civil Complaint against Plaintiff in District Court 07-2-01 in Bucks County,

Pennsylvania, Docket No. CV-0000365-09 . A true and correct copy of the March 8, 2007 letter is attached hereto as Exhibit "E" .

22. As a result of being sued by Defendants, Plaintiff had to hire legal counsel In order to defend herself against the claims in the state court Complaint.

23. Defendants state court Complaint, which was verified by counsel, alleges that Plaintiff is indebted to Asset, making Plaintiff a "consumer" pursuant to 15 U.S. C. 1692(a)(3)

24. Defendants' Complaint alleged, inter alia the following:

(a) Plaintiff (Asset) asks judgment for $1,565.06 together with costs;

(b) "Plaintiff issued a revolving credit account to Defendant which was subject to terms and conditions as outlined and agreed upon by Defendant which included but were not limited to, interest, and all court and collections costs in the event of default of payment" ;

(c) "Defendant utilized said revolving credit account to obtain extensions of credit which Defendant used for the purchase of products, goods, and/or for obtaining services from Plaintiff" ;

(d) "Despite Plaintiff' s reasonable and repeated demands for payment, defendant has failed, refused and continues to refuse to pay all sums due and owing on Defendant' s account balance, all to the damage and detriment of Plaintiff" ;

25. Defendants' state court Complaint is false, deceptive and/or misleading, in that contrary to Defendant's averments:

   (a) Plaintiff Higginbotham does not owe Defendant $1,565.06 together with costs;

   (b) Plaintiff Higginbotham never received a revolving credit card account from Defendant Asset;

   (c) Plaintiff never utilized any revolving credit account to obtain extensions of credit used for the purchase of products, goods, and/or for obtaining services from Defendant Asset.

26. In violation of the 18. Pa.C.S.A. 7311, the Pennsylvania Rules of Civil Procedure and existing state court decisions, the state court Complaint fails to include any documents evidencing an assignment of the debt, a Cardholder Agreement or any document evidencing the legal basis to collect a debt from Plaintiff or Defendants' entitlement to sue Plaintiff. This omission of these documents is false, deceptive and misleading.

27. Defendants Asset and Hayt knew or should have known that their actions as aforesaid violated the Pennsylvania Rules of Civil Procedure and the FDCPA. They could have taken the appropriate actions to comply with the applicable law but failed and neglected to do the same and failed to adequately review their actions to insure compliance with the law.

28. Defendant Asset moved forward with the lawsuit and collection efforts without having an underlying contract with Plaintiff's signature, thus Defendants could not have known the terms and conditions of the contract and could not properly identify Plaintiff or put Plaintiff on notice that she might be responsible for the underlying debt.

29. Following Plaintiff's notice to the Court that she would defend the lawsuit, Defendants withdrew the Complaint on September 14, 2009. A true and correct copy of Plaintiff's Notice To Defend the suit and Defendants' Notice Of Settlement/Withdrawal are attached as Exhibits "F" & "G".

### Statute Of Limitations

30. Pursuant to Pa.C.S. section 5525, the statute of limitations in Pennsylvania for filing a cause of action for breach of contract is four (4) years.

31. Upon information and belief, Defendants filed the Bucks County action beyond the applicable statute of limitations for filing an action on the alleged debt which would have expired some time in 2006.

32. Defendants' attempts to collect a debt not authorized by the agreement creating the alleged debt or by law are In violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. sections 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), among others.

33. Defendants' filing of a frivolous lawsuit against Plaintiff was an attempt to coerce payment or unjustly obtain a judgment against Plaintiff for a balance

neither due nor owing to the Defendants. Such acts of Defendant are in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. sections 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), among others.

34. Defendants' illegal collection tactics have directly and proximately caused Plaintiff to experience extreme emotional distress, mental anguish, fear, embarrassment, humiliation, frustration and loss and incur out-of-pocket expenses in the way of legal fees to defend Defendants' frivolous state court lawsuit as well as damage to her credit standing.

35. At all times relevant hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for state and federal law and rights of the Plaintiff herein.

## V. TRIAL BY JURY

36. Plaintiff incorporates by reference paragraph 1 through 35 as though fully set forth herein.

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.Fed.R.Civ.P.38.

## VI. COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et.seq.

38. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. The Defendants violated the FDCPA by using false, deceptive and/or misleading representations and/or unfair practices in connection with a collection of a debt, in violation of 15 U.S.C. section 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692e(13), 1692e(14), 1692f, 1692f(1). 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1),

40. The Defendants violated the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or annoy in violation of 15 U.S.C. section 1629d.

41. The Defendants violated the FDCPA by using false, deceptive or misleading representation or means in connection with debt collection in violation of 15 U.S.C. section 1692e.

42. The Defendants violated the FDCPA by falsely representing the character, amount, or legal status of the debt in violation of 15 U.S.C. section 1692e(2)(A).

43. Defendants violated the FDCPA by failing to exercise reasonable care and/or any meaningful attorney review in determining whether Plaintiff, in fact, owed

the debt and the amount of the debt, if she did owe same and/or by engaging in action that cannot legally be taken in violation of 15 U.S.C. 1692e(5).

44. The Defendants violated the FDCPA by using false representation and/or deceptive means to attempt to collect Plaintiff' s alleged debt in violation of 15 U.S.C. 1692e(10).

45. The Defendants violated the FDCPA by using unfair and unconscionable means to attempt to collect the Plaintiff' s alleged debt in violation of 15 U.S.C. 1692(f).

46. The Defendants violated the FDCPA by attempting to collect an amount not expressly authorized by an agreement creating a debt or permitted by law and/or by attempting to collect a debt in violation of state law pursuant to 15 U.S.C. 1692f(1).

47. As a result of each and every FDCA violation by Defendants, Plaintiff has suffered out of pocket damages.

48. Plaintiff has suffered actual damages as a result of the Defendants' illegal collection communications and action in the form of anger, anxiety and frustration.

49. As a result of Defendants' violations of the FDCPA , Plaintiff is entitled to actual damages, compensatory damages, costs and attorneys fees.

50. As a result of the foregoing violations of the FDCPA, Defendants are individually, jointly and severally liable to Plaintiff for actual damages, statutory damages and attorney's fees and costs in accordance with 15 U.S.C. 1692k.

51. The foregoing acts and omission of each and every Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. 1692, et seq.

52. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. 1692k(10(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer Higginbotham, pays that judgment be entered against each and every Defendant for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## VII. COUNT II

## VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA, 73 Pa.C.S. 2270.1, et. seq.) AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. 201-1, et. seq.)

53. Plaintiff incorporates by reference paragraphs 1 though 52 as though fully set forth herein.

54. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. 201-1 et. seq. ( "FCEU/UTCPL" ) whereunder Defendants are debt collectors pursuant to 73 Pa.C.S. 2270.3.

55. The alleged debt Defendants were attempting to collect is a "debt" from a "consumer" as defined by 73 Pa.C.S. 2270.3 of the FCEU.

56. All of the above contacts by Defendants were "communications" as defined by 73 Pa.C.S. 2270.3 of the FCEU.

57. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

58. The actions, as foresaid, constitute numerous and multiple violations of the FCEU and the UTCPL, including but not limited to 73 P.S. 2270.4(a), as evidenced by the following conduct:

(a) The use of any false, deceptive or misleading representation or means in the connection with the debt;

(b) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person;

(c) The use of any false representation or deceptive means to collect a debt;

(d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

(e) Attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

59. Violation of the FDCPA is per se violation of FCEUA and the Unfair Trade and Consumer Protection Law ("UTCPL").

60. Plaintiff has suffered actual damages as a result of the Defendants' illegal collection communications and action in the form of anger, anxiety and frustration.

61. As a result of Defendants' afore-stated violations, Plaintiff is entitled to an award of statutory damages, actual and treble damages, attorneys fees and costs.

62. As a result of the afore-stated violations of the FCEU and the UTCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer Higginbotham, prays that judgment be

entered against each and every Defendant for the following:

(1) An Order declaring that Defendants violated the FCEUA;

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other relief that the Court deems just and proper.

Respectfully submitted;

Law Office of Nancy Kanter, LLC.
By: Nancy Kanter, Esquire
Attn. I.D. 51256
19 S. Pine Street
Doylestown, Pa 18901
Ph: (215 345-9214
Fx: (215) 345-9215

# Asset Acceptance LLC

Toll Free 800-545-9931 Ext. 6785
LOCAL: 586-939-9600
LOCAL OFFICE: Warren, MI

March 8, 2007

First Notice

RE:  CAPITAL ONE BANK
ORIGINAL ACCT#:  5291071565712054
ASSET ACCEPTANCE LLC ACCT#:  32486042
BALANCE PAST DUE:  $1529.65

Dear JENNIFER HIGGINBOTHAM:

It is our pleasure to welcome you as a new customer of Asset Acceptance LLC.  Your account with the above mentioned creditor has been purchased and is now owned by Asset Acceptance LLC.  In order to insure proper credit for any payments it is necessary that all future payments and inquiries be made to:

ASSET ACCEPTANCE LLC
PO Box 2036
Warren, MI 48090-2036

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

KATHIE RICH – Phone: Toll Free 800-545-9931 Ext. 6785
Debt Collector
Asset Acceptance LLC

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report..

See Reverse Side for Important Information Regarding Your Privacy Rights.

***Detach Lower Portion and Return with Payment***

IONASSE018100AACMI



PO Box 2039
Warren MI 48090-2039
ADDRESS SERVICE REQUESTED

Asset Acceptance LLC Account #: 32486042
Balance Past Due: $1529.65

March 8, 2007

ASSET ACCEPTANCE LLC
PO Box 2036
Warren MI 48090-2036

#BWNHKKF
#0000000324860428#   238481 15511   32486042-8100
JENNIFER HIGGINBOTHAM
1014 Beacon Hill Dr
Southampton PA 18966-2535



EXHIBIT "A"

# Asset Acceptance LLC

Toll Free 866-643-1488
LOCAL: 586-939-9600
LOCAL OFFICE: Warren, MI

Re:    **CAPITAL ONE BANK**
Client Account #:    5291071565712054
Asset Acceptance LLC Account #:    32486042
Current Balance:    $1529.65

Dear JENNIFER HIGGINBOTHAM:

Our efforts to arrange a mutually acceptable repayment schedule with you have been unsuccessful. Your account is severely past due.

Unless arrangements are made our next step will be to refer your account for legal review.

Please contact our office to avoid a lawsuit from being filed against you.  If said lawsuit is filed it may result in additional court costs.

Once your account is settled, we will:
    Provide you with a paid account letter and close out the account.
    Report appropriately to the credit bureaus.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

Special Projects Department
Debt Collector
Toll Free 866-643-1488
990986

CONASSE018204AACMI

***Detach Lower Portion and Return with Payment***



PO Box 2039
Warren MI 48090-2039

ADDRESS SERVICE REQUESTED

Asset Acceptance LLC Acct#: 32486042
Current Balance: $1529.65

April 23, 2007

**ASSET ACCEPTANCE LLC**
PO Box 2036
Warren MI 48090-2036
lhluludludhlludlulluudllhuudlhuudlldhulhlud

#BWNHKKF
#0000000324860428#   137853 62073   32486042-8204 - 3HD
lulllulllulludllllluudllulludlluudlhlulllud
JENNIFER HIGGINBOTHAM
1014 Beacon Hill Dr
Southampton PA 18966-2535

EXHIBIT "B"

# Asset Acceptance LLC

Toll Free 866-643-1488 Ext.
LOCAL: 586-939-9600

LOCAL OFFICE: WARREN, MI

April 24, 2007

RE    : CAPITAL ONE BANK

CLIENT ACCT #    : 5291071565712054
ASSET ACCEPTANCE LLC ACCT #    : 32486042
CURRENT BALANCE    : $1529.65

Dear JENNIFER HIGGINBOTHAM:

Thank you for your payment and for being a valued customer!  Our records indicate you are currently paying us or have previously paid an account(s) with ASSET ACCEPTANCE LLC.  We would like to assist you once again in resolving your account(s).

Since you have shown the willingness to clear up your debt(s), we are prepared to provide you with the following special offers:

* Settle your account in full by MAY 23 2007 for 30% off the current balance, resulting in a savings of $458.90.
* Or call us to make mutually acceptable payment arrangements.
* You can go to **www.paymybill.com** and pay quick and easy online with either your checking account or credit card.  Your User ID is 0271627.  Your password is 32486042.

As a service to you, we are offering multiple opportunities to help you pay your account.  Call DEBT COLLECTOR Toll Free 866-643-1488 Ext.  today to select from our excellent savings opportunities.

This offer is void if previous settlement arrangements have been made.

It may be possible to extend the offer deadline under certain circumstances.  The offer outlined above is guaranteed through the above referenced date.  After that time, we reserve the right to modify the offer, or revoke the offer entirely.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Sincerely,

DEBT COLLECTOR- Phone:  Toll Free 866-643-1488 Ext.
Debt Collector
ASSET ACCEPTANCE LLC

---

Detach Lower Portion and Return with Payment.



P.O. BOX 2039
WARREN, MI 48090-2039

ACCOUNT NUMBER:  32486042
SETTLEMENT BALANCE: $1070.76

Address Service Requested

32486042-7763-3HD1

#BWNHKKF
#0000000324860428#
JENNIFER HIGGINBOTHAM
1014 BEACON HILL DR
SOUTHAMPTON PA    18966-2535

ASSET ACCEPTANCE LLC
P.O. BOX 2036
WARREN, MI 48090-2036

EXHIBIT "C"

MARTIN RUBIN, P.C.*

ARTHUR LASHIN^
CHRISTOPHER R. BEDI□
KENNETH R. EBNER*

* MEMBER NEW JERSEY, PENNSYLVANIA
AND NEW YORK BARS
^ MEMBER PENNSYLVANIA BAR
□ MEMBER NEW JERSEY BAR
* MEMBER NEW JERSEY AND PENNSYLVANIA BARS

*LAW OFFICES OF*

# HAYT, HAYT & LANDAU, LLC

MERIDIAN CENTER I
TWO INDUSTRIAL WAY WEST
P.O. BOX 500
EATONTOWN, NEW JERSEY 07724-0500

TELEPHONE (732) 544-9080
FAX (732) 389-1756

EMANUEL HAYT (1929-1983)
LILLIAN R. HAYT (1929-1963)
BERNARD D. LANDAU (1955-1988)

PENNSYLVANIA OFFICE
400 MARKET ST
SUITE 600
PHILADELPHIA, PA 19106-2513

TELEPHONE (215) 928-1400
FAX (215) 928-1514

JULY 13, 2009

297860-001-4Y
JENNIFER HIGGINBOTHAM
1014 BEACON HILL DR
SOUTHAMPTON, PA 18966

## COUNSEL'S NOTICE - READ CAREFULLY

RE:   DEBT OWED TO ASSET ACCEPTANCE LLC
ACCOUNT NO:    5291071565712054
HHL FILE NO:   297860
BALANCE DUE:   $1,565.06

You are hereby directed to make payment for the balance due of $1,565.06 on this account to the Law Offices of Hayt, Hayt & Landau. You may pay by Visa, Mastercard, Discover, American Express as set forth below, or by Western Union (Quick Collect), or by check or money order.

Under federal law, 15 USC Sec. 1692 et. seq., you are hereby notified that the Law Firm of Hayt, Hayt & Landau represents clients in the area of creditors' rights. At this time, no attorney with this firm has reviewed the details of your account. We are attempting to collect a debt. Any information which we obtain will be used for that purpose.

You are hereby further notified that, if you are unable to pay the balance at one time, we will work together to arrange a solution that works for you. You will be treated with respect and courtesy. You may call MS. PARKER counsels' assistant at 732-544-9080, toll free at 1-877-HAYTLAW (1-877-429-8529), or send an e-mail to info@haytlaw.com.

Your balance is calculated as follows:

Unpaid Balance:        $.53
Interest:          $1,564.53
Attorneys' Fees:       $.00
Balance Due:       $1,565.06

## DEBIT OR CREDIT CARD AUTHORIZATION

File no. _____

Account no. ___ ___ ___ ___    Exp. date _____   Amount $ _____

Name on card _____   Signature _____

Please contact me at:   ( ) _____-_____   ( ) A.M.   ( ) P.M.

or at:   ( ) _____-_____   ( ) A.M.   ( ) P.M.

EXHIBIT "D"

The following applies to any recipient of this letter who is entitled to the protections offered by 11 U.S.C. 362 of the United States Bankruptcy Code: NOTICE: THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY. THIS LETTER IS NOT A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT, ASSESS OR RECOVER A CLAIM AGAINST YOU THAT AROSE BEFORE THE COMMENCEMENT OF YOUR CASE.

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: **BUCKS**

# CIVIL ACTION
# HEARING NOTICE

Mag. Dct. No.:

**07-2-01**

MDJ Name:  Hon.

Address:  **WILLIAM J. BENZ
60 TOWNSHIP RD
RICHBORO, PA**

Telephone: (**215**) **322-0144**        **18954**

**JENNIFER HIGGINBOTHAM
1014 BEACON HILL DR
SOUTHAMPTON, PA 18966**

PLAINTIFF:                    NAME and ADDRESS
**ASSET ACCEPTANCE LLC
400 MARKET STREET
6TH FLOOR
PHILADELPHIA, PA 19106**
                    VS.
DEFENDANT:                    NAME and ADDRESS
**HIGGINBOTHAM, JENNIFER
1014 BEACON HILL DR
SOUTHAMPTON, PA 18966**

Docket No.: **CV-0000365-09**
Date Filed:    **8/10/09**



---

A civil complaint has been filed against you in the above captioned case. A hearing has been set in this matter for:

| Date: | 9/15/09 | Place: **DISTRICT COURT 07-2-01** |
|---|---|---|
| | | **60 TOWNSHIP RD** |
| Time: | **9:45 AM** | **RICHBORO, PA 18954** |
| | | **215-322-0144** |

## NOTICE TO DEFENDANT

If you intend to enter a defense to this complaint, you should so notify this office immediately at the above telephone number.

**YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE. UNLESS YOU DO, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.**

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

Pursuant to Pa.R.C.P.D.J. No. 342(B)(2), no claim by the defendant will be permitted in a supplementary action filed for failure of judgment creditor to enter satisfaction.

## NOTICE TO PLAINTIFF

Pursuant to Pa.R.C.P.D.J. No. 318, you or your attorney will be notified if the defendant gives notice of his/her intention to defend.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.

AOPC 308B-05        **DATE PRINTED:    8/13/09    8:53:56 AM**

EXHIBIT "E"

NWEALTH OF PENNSYLVANIA
TY OF: BUCKS

Dist. No.: 07-2-01

MDJ Name: Hon. William J Benz

Address: 60 Township Road

Richboro, PA 18954

Telephone: (215) 322-0144

**CIVIL COMPLAINT**

PLAINTIFF:                     NAME and ADDRESS

ASSET ACCEPTANCE LLC

400 Market Street 6th Floor
Philadelphia, PA 19106
VS.

DEFENDANT:                     NAME and ADDRESS

JENNIFER HIGGINBOTHAM

1014 BEACON HILL DR

SOUTHAMPTON PA 18966

Docket No.: CV-365-09
Date Filed: 8/10/09

RECEIVED
AUG 10 PM 2:2
DISTRICT COURT
07-2-01

| | AMOUNT | DATE PAID |
|---|---|---|
| FILING COSTS | $ | / / |
| POSTAGE | $ | / / |
| SERVICE COSTS | $ | / / |
| CONSTABLE ED. | $ | / / |
| TOTAL | $ 82.25 | 8/10/09 |

Pa.R.C.P.D.J. No. 206 sets forth those costs recoverable by the prevailing party.

TO THE DEFENDANT: The above named plaintiff(s) asks judgment against you for $ $1,565.06 together with costs upon the following claim (Civil fines must include citation of the statute or ordinance violated):

Account Number: 5291071565712054

Plaintiff issued a revolving credit account to defendant which was subject to terms and conditions as outlined and agreed upon by Defendant which included but were not limited to, interest, and all court and collections costs in the event of default, in payment. Defendant utilized said revolving credit account to obtain extensions of credit which Defendant used for the purchase of products, goods, and/or for obtaining services from Plaintiff. Despite Plaintiff's reasonable and repeated demands for payment, Defendant has failed, refused, and continues to refuse to pay all sums due and owing on Defendant's account balance, all to the damage and detriment of Plaintiff. As a consequence of the foregoing there is presently due and owing to Plaintiff the above indicated sum.

I, Arthur Lashin, Esquire verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) related to unsworn falsification to authorities.

By:

Signature of Plaintiff (Authorized Agent)
ARTHUR LASHIN #23425

Plaintiff's
Attorney: Arthur Lashin, Esquire

Telephone: (215) 928-1400      HHL # 297860

Address: Hayt, Hayt & Landau, LLC., 400 Market St.,

6th Floor, Philadelphia, PA 19106

**IF YOU INTEND TO ENTER A DEFENSE TO THIS COMPLAINT, YOU SHOULD SO NOTIFY THIS OFFICE IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER. YOU MUST APPEAR AT THE HEARING AND PRESENT YOUR DEFENSE. UNLESS YOU DO, JUDGMENT MAY BE ENTERED AGAINST YOU BY DEFAULT.**

If you have a claim against the plaintiff which is within magisterial district judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.

AOPC 308A-05

**JENNIFER HIGGINBOTHAM**
1014 Beacon Hill Drive
Holland, PA 18966

August 25, 2009

VIA FAX # 215-322-7371
Hon. William j. Benz
Mag. Dist. No. 07-2-01
60 Township Rd
Richboro, PA 18954

RE: Docket NO: 365-09
    Hearing Date: 9/15/2009

Dear Judge Benz:

I am the Defendant in the above matter.

I am writing to advise Your Honor that I will present a defense in this case.

I am also writing to ask for a continuance. I am unaware of the basis for this claim and therefore, I will need more time to learn about the nature of this case and to obtain the details and information necessary to be able to properly present my defense. Therefore, I would greatly appreciate Your Honor's consideration of my request for a continuance.

Thank You.

Sincerely,

Jennifer Higginbotham

EXHIBIT "F"

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: **BUCKS**

Mag. Dist. No.:

**07-2-01**

MDJ Name: Hon.

**WILLIAM J. BENZ**

Address: **60 TOWNSHIP RD**
**RICHBORO, PA**

Telephone: (215) 322-0144        **18954**

**JENNIFER HIGGINBOTHAM**
**1014 BEACON HILL DR**
**SOUTHAMPTON, PA 18966**

**NOTICE OF**
**SETTLEMENT/WITHDRAWAL**

PLAINTIFF:                          NAME and ADDRESS

**ASSET ACCEPTANCE LLC**
**400 MARKET STREET**
**6TH FLOOR**
**PHILADELPHIA, PA 19106**

VS.

DEFENDANT:                          NAME and ADDRESS

**HIGGINBOTHAM, JENNIFER**
**1014 BEACON HILL DR**
**SOUTHAMPTON, PA 18966**

Docket No.: **CV-0000365-09**
Date Filed:    **8/10/09**

---

THIS IS TO NOTIFY YOU THAT:

☐ On _____, this case was settled between _____

and _____

☒ On **9/14/09**, the (complaint and/or cross-complaint) filed in this case was withdrawn as against

**HIGGINBOTHAM, JENNIFER**

As a result, the hearing scheduled **10/06/09** for the above individual has been canceled,

If you have questions regarding this notice, please contact the Magistrial District Court at the address and

telephone number provided above.

**9/14/09**    Date _____

My commission expires first Monday of January,    **2012**

AOPC 733-05

Magisterial District Judge

DATE PRINTED: 9/15/09    12:18:1

EXHIBIT "G"

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the *personal information of customers and former customers.*

| | | |
|---|---|---|
| Sherman Acquisition Limited Partnership | Resurgent Capital Services L.P. | Anson Street LLC |
| Sherman Acquisition II Limited Partnership | *Resurgent Capital Services PR LLC* | Ashley Funding Services LLC |
| | LVNV Funding, LLC | Credit One Bank, N.A. |
| Sherman Acquisition L.L.C. | Ascent Card Services, LLC | SFG REO, LLC |
| Sherman Acquisition TA LP | *Ascent Card Services II LLC* | *PYOD LLC* |
| | | Tradd Street LLC |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through *your transactions with us, such as your income and payment history;* (3) *information that we* receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we *restrict access to collected information about you to individuals who need to know such collected* information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

### Sharing Collected Information with Affiliates and Third Parties

**Sharing with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

### Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act

This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and *it describes our privacy practices generally. However, please be assured that* collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

011409